**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

_____

ROBERT ADELL BROWN,              Cause No. CV 07-026-BLG-RFC-CSO

       Plaintiff,

  vs.                                        **FINDINGS AND RECOMMENDATION OF**
                                    **UNITED STATES MAGISTRATE JUDGE**
RANDY GORMAN,                    **TO GRANT IN PART AND DENY IN PART**
                                      **DEFENDANT'S MOTION TO DISMISS**

       Defendant.

_____

This matter comes before the Court on Defendant's Motion to Dismiss the

Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and (6).  (Court's Doc. No. 7).  Defendant

argues that the Court lacks subject matter jurisdiction over the Complaint and that

Plaintiff has failed to state a claim upon which relief may be granted.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is an African-American man who currently lives in North Dakota.

According to his Complaint, Plaintiff purchased a small condominium in July 2003 in Wibaux, Montana.  Plaintiff lived in this condominium from September 3, 2003, to December 1, 2006.  Plaintiff alleges that during that period of time there were "non stop daily and cowardly acts of racism."  (Court's Doc. No. 1, p. 4, ¶ IV.A.1).

Defendant Randy Gorman was a neighbor of Plaintiff and a former Montana Highway Patrolman.  At the time of the filing of the Complaint, Defendant Gorman was employed as a corrections officer at the Glendive County Jail.  According to Plaintiff, Defendant Gorman "orchestrated this terrible plan and urged others to join his nefarious cabal for the purpose of running this petitioner out of the town of Wibaux, Montana." (Court's Doc. No. 1, p. 4, IV.A.2).

Specifically, Plaintiff alleges that on April 14, 2004, someone stole the trailer hitch tow ball from his pickup truck parked in his assigned parking space at Plaintiff's residence.  Plaintiff contends he filed a report with the Sheriff in Wibaux but that there was no response and nothing was done to solve the problem.  (Court's Doc. No. 1, p. 5).

Plaintiff next alleges that on February 14, 2005, someone stole the outside parking lot light bulb that illuminated the resident parking lot where Plaintiff parked. Again the Sheriff of Wibaux was apprised, a report was taken, and there was no response to Plaintiff's complaint.  (Court's Doc. No. 1, p. 5).

On August 1, 2005, Plaintiff contends that a methamphetamine manufacturer

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 2

moved into an upstairs unit with two young children and a pet rattlesnake.  Plaintiff

states that when the snake escaped, the Sheriff of Wibaux was summoned to find and

ultimately destroy the rattlesnake.  (Court's Doc. No. 1, p. 5).

Plaintiff next alleges that there was illegal activity in the building where he lived.

He contends that other tenants in the building manufactured and distributed illicit drugs

and transported their product on Highway I-94 between Montana and North Dakota

unimpeded.  Plaintiff complains that Defendant Gorman did not run these individuals

out of town. (Court's Doc. No. 1, p. 5).

Lastly, Plaintiff alleges that on or about April 22, 2006, while he was traveling on

Interstate 94 and entering Wibaux County, he was issued a speeding citation by then

Montana Highway Patrolman Randy Gorman.  Plaintiff contends that he was racially

profiled by Defendant Gorman.  He alleges that other white motorists routinely passed

his vehicle in plain view of the Montana Highway Patrolmen and were not cited.

(Court's Doc. No. 1, pp. 6-7).

Plaintiff is seeking a monetary judgment in the amount of $100,000.00 and

compensatory damages of $1,000,000.00.  He also seeks the right of free and

unimpeded access to drive and use Highway I-94.

## II. ANALYSIS

### A. Standard

Defendant has filed his Motion to Dismiss pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure, requesting that the Court dismiss this matter for lack of subject matter jurisdiction (Rule 12(b)(1)) and for failure to state a claim upon which relief can be granted. (Rule 12(b)(6)).  In ruling on Defendant's Motion to Dismiss, review is limited to the contents of Plaintiff's Complaint.  Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  Plaintiff's factual allegations must be taken as true and construed in the light most favorable to Plaintiff.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief."  Id., at 946.  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965. (2007).  However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  Id. at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  Id. at 1974.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925

(9th Cir.  2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.  2003) (same).  "'A pro

se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200

(2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)); Cf. Fed. Rule

Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Pro se

plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-

Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  "A pro se litigant

must be given leave to amend his or her complaint unless it is 'absolutely clear that the

deficiencies of the complaint could not be cured by amendment.' " Id. (quoting Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B.  Timeliness of Defendant's Motion

Plaintiff argues that Defendant's motion to dismiss is untimely because

Defendant's brief was filed six days after his motion.  However, Defendant is correct

that pursuant to Local Rule 7(c) a brief in support of a motion may be filed within five

days of filing the motion.  Rule 6 of the Federal Rules of Civil Procedure provides the

methods for computing time specified in local rules.  Under Rule 6(a)(1), the day of the

event that begins the period is excluded.  Thus, the day of the filing of Defendant's

Motion, November 5, 2007, is excluded.  Pursuant to Rule 6(a)(3), if the last day falls

on a Saturday, Sunday, or legal holiday the period runs until the end of the next day

which is not a Saturday, Sunday, or legal holiday.  Five days after the filing of

Defendant's motion was Saturday, November 10, 2007.  Monday, November 12, 2007,

was a legal holiday, therefore, Defendant's brief was timely filed on Tuesday, November

13, 2007.

As Defendant's motion was correctly filed with an electronic signature pursuant

to Local Rule 11.1, the Court finds that Defendant timely and properly filed a response

to Plaintiff's Complaint.  Plaintiff's request to have Defendant's Motion stricken is

denied.[1]

### C.  Jurisdiction

Defendant first argues pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure that the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

Defendant argues that Plaintiff has failed to cite any jurisdictional statute in the United

States Code and has failed to allege the violation of any specific right under the United

States Constitution or federal statutes.  As such, Defendant contends that Plaintiff has

failed to establish that the Court has subject matter jurisdiction. (Court's Doc. No. 9, pp.

4-5).

As set forth above, since Plaintiff is a pro se litigant, his Complaint must be

liberally construed.  Plaintiff's Complaint generally alleges a violation of civil rights and

makes specific allegations of racial discrimination and racial profiling.  Moreover, in his

---

[1]Defendant's Motion to Strike Plaintiff's Surreply (which deals primarily with the timeliness argument) will be granted pursuant to Local Rule 7.1(g) which provides that no further briefing (after the brief, response and a reply) will be allowed without leave of court.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 6

response to Defendant's Motion to Dismiss, Plaintiff clarifies that his allegations are made under 42 U.S.C. § 1983 for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  (Court's Doc. No. 12, p. 4, ¶ 4b).

Even if Plaintiff's Complaint were unclear as to Plaintiff's cause of action, this is an error which could easily be cured by amendment.  To the extent necessary, the Court will construe Plaintiff's Opposition to Defendant's Motion to Dismiss as an amendment to his Complaint clarifying that his claims are made pursuant to 42 U.S.C. § 1983 for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  Accordingly, this Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1331.[2]

**D.  Claims regarding Plaintiff's Residence**

Plaintiff makes a number of allegations regarding criminal acts at his residence. As set forth above, he contends that his trailer hitch tow ball was taken, an outside light bulb was taken, a rattlesnake escaped, and drug dealers who lived in his condominium complex manufactured and distributed illicit drugs on Highway I-94, unimpeded.

It is unclear whether Plaintiff is alleging that Defendant Gorman was involved in these criminal acts or simply that Defendant Gorman failed to stop these criminal acts. Either way, Plaintiff's allegations in this regard fail to state a claim.  First, Plaintiff has

_____

[2]The Court also notes that given that the parties are citizens of different states (Plaintiff is a resident of North Dakota and Defendant is a resident of Montana), and Plaintiff is seeking damages in excess of $75,000.00, the Court would also have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

failed to specifically plead that Defendant Gorman was responsible for the alleged criminal acts.  Even if he was, there is no allegation that Defendant Gorman was acting in his official capacity as a Montana Highway Patrolman or a Glendive County employee with regard to the events at Plaintiff's residence.  As such, Plaintiff cannot state a claim under 42 U.S.C. § 1983.   See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Plaintiff's allegations that Defendant Gorman should have done more to stop the alleged criminal acts also fail to state a claim.  Plaintiff alleges that he was complaining to the Sheriff of Wibaux County, not to Defendant Gorman who worked for the Highway Patrol.  There is no allegation that Plaintiff lodged a single complaint with Defendant Gorman regarding the situation at the condominium complex.  Moreover, in general there is no constitutional duty of law enforcement officials to protect members of the public at large from crime.  See Martinez v. California, 444 U.S. 277, 284-85 (1980). Therefore, Defendant Gorman did not owe Plaintiff a duty to run the alleged drug dealers out of town or respond to the complaints of criminal activity.

Defendant's motion to dismiss should be granted as to Plaintiff's first four allegations as listed on page five of his Complaint.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 8

### E. Racial Discrimination Claim / *Heck v. Humphrey*

Plaintiff's final claim is that he was racially profiled for speeding based upon his race.  Defendant argues that if Plaintiff is alleging that he was unconstitutionally convicted or sentenced, his claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Court agrees that if Plaintiff is attempting to challenge his conviction for speeding, that claim would be barred by Heck.  However, the Court does not read Plaintiff's Complaint to challenge his speeding conviction.  Rather, Plaintiff's allegation is an equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment of United States Constitution protects individuals against certain types of discrimination.  "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976).  A claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution requires a showing of purposeful discrimination.  See e.g., Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

> To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.

Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing Washington v. Davis, 426 U.S. at 239-40).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 9

Plaintiff alleges that he was racially profiled because as an African American he was stopped for speeding by Defendant Gorman while white motorists traveling at speeds in excess of the speed limit were not stopped.  This is sufficient to state a claim for denial of equal protection on the basis of race.  Plaintiff is not challenging his conviction, and his racial discrimination claim, if successful, would not necessarily imply the invalidity of his underlying conviction.  Accordingly, Plaintiff's claims are not barred by Heck v. Humphrey, 512 U.S. 477.

Based upon the foregoing, the Court issues the following:

## ORDER

Defendant's Motion to Strike Plaintiff's Surreply (Court's Doc. No. 15) is **GRANTED**.  The Clerk of Court shall have the docket indicate that Plaintiff's Surreply (Court's Doc. No. 14) is **STRICKEN**.


Further, the Court issues the following:

## RECOMMENDATION

Defendant's Motion to Dismiss Complaint (Court's Doc. No. 7) should be **GRANTED** as to Plaintiff's first four allegations as listed on page five of Plaintiff's Complaint.  Defendant's Motion to Dismiss should be **DENIED** with regard to Plaintiff's allegation that Defendant Gorman racially discriminated against him in the issuance of the speeding citation.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 10

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 29th day of April, 2008.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge


FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS
07-CV-026-BLG-RFC-CSO / PAGE 11