IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ROBERT ADELL BROWN, ) | CV-07-026-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER |
| RANDY GORMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    On April 29, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Defendant's Motion to Dismiss should be granted as to Plaintiff's first four allegations as listed on page five of Plaintiff's Complaint. Defendant's Motion to Dismiss should be denied with regard to Plaintiff's allegation that Defendant Gorman racially discriminated against him in the issuance of the speeding citation.

    Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendant filed an objection on May 12, 2008. Defendant's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Defendant's objections are not well taken.

    After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

1

Plaintiff's allegations that Defendant Gorman should have done more to stop the alleged criminal acts fails to state a claim. There is no allegation that Plaintiff lodged a single complaint with Defendant Gorman regarding the situation at Plaintiff's condominium complex. Moreover, in general there is no constitutional duty of law enforcement officials to protect members of the public at large from crime. *See Martinez v. California*, 444 U.S. 277, 284-85 (1980). Defendant Gorman did not owe Plaintiff a duty to run the alleged drug dealers out of town or respond to the complaints of criminal activity.

Plaintiff alleges that he was racially profiled because as an African American he was stopped for speeding by Defendant Gorman while white motorists traveling at speeds in excess of the speed limit were not stopped. This is sufficient to state a claim for denial of equal protection on the basis of race. Plaintiff is not challenging his conviction, and his racial discrimination claim, if successful, would not necessarily imply the invalidity of his underlying conviction. Accordingly, Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [*doc. #7*] is **GRANTED** as to Plaintiff's first four allegations as listed on page five of Plaintiff's Complaint. Defendant's Motion to Dismiss is **DENIED** with regard to Plaintiff's allegation that Defendant Gorman racially discriminated against him in the issuance of the speeding citation.

The Clerk of Courts shall notify the parties of the making of this Order.

DATED this 27th day of May, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

2