# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

_____

| | |
|---|---|
| ROBERT ADELL BROWN, | Cause No. CV 07-026-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| RANDY GORMAN, | |
| Defendant. | |

_____

Defendant Gorman filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 37(d) for Plaintiff Brown's failure to appear at his deposition. (*Court's Doc. No. 26*).  Alternatively, Gorman seeks to compel Brown's attendance at a deposition and for reasonable expenses caused by Brown's failure to appear.

I. Pertinent Background

After conferring with Brown regarding the scheduling of a deposition, Gorman's counsel noticed Brown's deposition for October 17, 2008, at 9:00 a.m.

at counsel's office in Helena Montana.[1]  It is undisputed Brown did not appear at his deposition.  Brown submits he did not appear because he was afraid he would be detained on an outstanding Montana arrest warrant for his failure to pay speeding fines imposed on April 22, 2006 (the incident which gave rise to this litigation).  Brown notified Gorman's counsel of these concerns in a letter of September 29, 2008, but stated in that letter that he was "fully anticipating the Deposition scheduled for October 17, 2008...." (*Court's Doc. No. 28-4: Defendant's Exhibit 3*).

The record shows that defense counsel cooperated with Brown in scheduling his deposition, timely noticed the deposition, took steps to notify Montana Highway Patrol Troopers not to detain Brown while he traveled for purposes of the deposition, and advised Brown of possible consequences of his failure to appear at the deposition.  (*Court's Doc. No. 28-5:  Defendant's Exhibit 4–letter of October 14, 2008*).  Brown did not respond to this correspondence either before or after the scheduled deposition.

II. Discussion

---

[1] Although Brown argues the Notice of Deposition was "misleading and incomplete", he provides no basis for this representation nor did he file timely objections.  The Court has reviewed the Notice of Deposition (*Court's Doc. No. 28-3:  Defendant's Exhibit 2*) and concludes that it provided sufficient notice of the oral deposition.  The Court notes, however, that the request for production of documents may not be in compliance with Fed.R.Civ.P. 30(b)(2).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE–07-CV-026-BLG-RFC-CSO / PAGE 2

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to dismiss a case as a sanction for failing to appear at a properly noticed deposition. Fed.R.Civ.P. 37(d)(1)(A)(I). "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (*quoting Fjelstad*, 762 F.2d at 1341.)

To determine whether to impose the severe sanction of dismissal, a court considers:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry*, 983 F.2d at 948. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.' " *Valley Engineers*, 158 F.3d at 1057 (*quoting*

*Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991)).

Brown acknowledges that he failed to appear for his deposition and that disobedience was not outside his own control. *See Henry*, 983 F.2d at 948 (*quoting Fjelstad*, 762 F.2d at 1341). But it does not appear that this discovery violation will necessarily interfere with a rightful decision of this case. Less drastic sanctions are available.

The Court will recommend Gorman's Motion to Dismiss be denied. Monetary sanctions do appear justified because Brown failed to appear for his deposition and failed to communicate clearly that he did not intend to appear. Brown indicated in a statement filed on December 8, 2008, that his utilities had been turned off and he had only eaten one or twice a week since October 15, 2008. In light of these contentions, the Court will not impose monetary sanctions. Should it late appear that Brown's financial situation is not as currently represented, Gorman may renew his motion for monetary sanctions.

Brown will be required to submit to a deposition as noticed by Gorman. The Court will issue a new schedule by which the parties are to strictly comply. Any further willful discovery violations by Brown will be grounds for dismissal of his Complaint. Should Brown fail to appear for a deposition or otherwise fail to

respond to Gorman's discovery requests, this matter will be recommended for dismissal.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The deadlines in the Court's Scheduling Order of June 16, 2008 (*Court's Doc. No. 23*) and the Court's Order of December 3, 2008 (*Court's Doc. No. 32*) are amended as follows:

| | |
|---|---|
| Discovery Deadline: | **April 30, 2009** |
| Motions Deadline (Except Motions in Limine): | **May 29, 2009** |
| Request for Settlement Conference: | **May 29, 2009** |

**Continuance of the above deadlines will not be granted, absent good cause reasons.** A continuance of any deadline set by this order does not extend any other deadline.

2. Gorman's Motion to Compel Brown's Attendance at a Deposition (*Court's Doc. No. 26*) is **GRANTED**. Brown must attend his deposition to be scheduled by counsel for Gorman, preferably at a time and place convenient to both parties. Should Brown fail to appear for his deposition a second time, this matter will be recommended for dismissal pursuant to Fed.R.Civ.P. 37(d).

3. Gorman's Motion for Reasonable Expenses incurred as a result of Brown's failure to appear at his deposition (*Court's Doc. No. 26*) is **DENIED**.

4. At all times during the pendency of this action, Brown SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATION

Defendant's Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 37(d) for Plaintiff's Failure to Appear at his Deposition (*Court's Doc. No. 26*) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such

document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of February, 2009.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge