# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| ROBERT ADELL BROWN, | ) |
|     Plaintiff, | ) CV-07-26-BLG-RFC |
| vs. | ) |
| | ) ORDER ADOPTING FINDINGS |
| RANDY GORMAN, | ) AND RECOMMENDATIONS OF |
| | ) U.S. MAGISTRATE JUDGE |
|     Defendant. | ) |

On November 3, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 47*) with respect to Defendant's Motion for Summary Judgment (*Doc. 38*). Magistrate Judge Ostby recommends that Defendant's Motion for Summary Judgment be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection on November 18, 2009. Defendant responded to Plaintiff's objections on December 2, 2009. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's

1

objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

The Equal Protection Clause of the Fourteenth Amendment of United States Constitution protects individuals against certain types of discrimination. "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976). A claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution requires a showing of purposeful discrimination. *See e.g., Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

> To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. at 239-40).

Brown produced no evidence of racially discriminatory intent or motive.

*Bingham v. City of Manhattan Beach*, 341 F.3d 939, 948-49 (9th Cir. 2003) (in order to avoid summary judgment on an equal protection claim, an arrestee "must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated" (internal punctuation and citation omitted)).

Therefore, IT IS HEREBY ORDERED that Defendant Gorman's Motion for Summary Judgment (*Doc. 38*) is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendant. The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Brown failed to produce sufficient evidence to support his claims and as such no reasonable person could suppose that an appeal would have merit.

DATED this 20th day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE